IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROY ALLEN GREEN, | : | 1:11-cv-481 |
| | : | |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| WARDEN B.A. BLEDSOE, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

### June 11, 2012

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Martin C. Carlson (Doc. 38), filed on March 27, 2012, which recommends that Defendants' Motion to Dismiss, or in the alternative for Summary Judgment (Doc. 14) be granted.  After being given an extension of time to do so, *pro se* Plaintiff Roy Allen Green ("Plaintiff" or "Green") filed objections to the R&R on June 6, 2012. (Doc. 43).  For the reasons set forth below, the Court will adopt the R&R in its entirety.

**I.      STANDARD OF REVIEW**

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made.  28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980).  The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations.  *Id.*  Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations.  *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## II.   BACKGROUND

Plaintiff,[1] currently serving an aggregate sentence of 838 months of imprisonment imposed by the United States District Court for the Eastern District of California, filed this action on March 15, 2011 naming eleven Defendants, all of whom are or were employed at the United States Penitentiary at Lewisburg. Plaintiff claims that his constitutional rights have been violated by a policy

---

[1] Green is designated to the Special Management Unit ("SMU") at USP-Lewisburg. Inmates in the SMU are the most dangerous and disruptive inmates in the Bureau of Prisons, who have been unable to successfully adjust to the institutional environment elsewhere.  Thus, the movements and general activities of SMU inmates are highly structured, and include no less than five hours of exercise each week, typically inside of an enclosed recreation pen.

implemented by prison officials to place him in double handcuffs during his movements in the institution. Plaintiff further alleges that this policy of "double-cuffing" led to abrasions, bruising and nerve damage because the handcuffs were applied too tightly. Finally, Plaintiff alleges that four medical officials at the prison were deliberately indifferent to his medical needs as related to his wrist injuries, in violation of his constitutional rights.

Following the filing of Plaintiff's complaint, the Defendants collectively filed a Motion to Dismiss, or in the alternative for Summary Judgment, which sought the dismissal of all claims and Defendants in this action. After the Motion was fully briefed by the parties, Magistrate Judge Carlson issued the instant R&R recommending that summary judgment be granted in the Defendants' favor on all of Plaintiff's claims.

Specifically, Magistrate Judge Carlson concludes that the Defendants are entitled to summary judgment[2] on Green's excessive force claim, finding that Green, an inmate with an starkly violent institutional record, has not established that the Defendants violated Green's constitutional rights by the double-cuffing policy.[3]

---

[2] We specifically note that Green's opposition to the Defendants' Motion contained nearly eighty (80) pages of exhibits in response to the Defendants' alternative request for summary judgment.

[3] As described by Magistrate Judge Carlson within his R&R, in the past Green has stabbed another inmate more than 70 times, possessed weapons in prison, and stole handcuff

Next, Magistrate Judge Carlson concludes that Plaintiff has not stated an Eighth Amendment claim against the prison medical personnel named in this action because it is entirely undisputed that Plaintiff received on-going medical treatment for his relatively minor wrist injuries.  Thus, the Magistrate Judge finds that the Defendants were not deliberately indifferent to Plaintiff's alleged serious medical need.[4]  Further, the Magistrate Judge recommends that summary judgment be granted in favor of Defendants Warden Bledsoe, Associate Wardens Hudson and Majorana and Captain Traite on Plaintiff's excessive force claims premised on supervisory liability, finding that the decision to place Plaintiff in special restraints, including double-cuffing was reasonable given Plaintiff's potential for violence embodied in his past actions and current gang associations.  Finally, Magistrate Judge Carlson determines that the correctional officer Defendants are entitled to qualified immunity because their use of force, even in the face of Plaintiff's complaints that the handcuffs were too tight, is objectively reasonable under the circumstances, namely Green's brutal violent crimes undertaken while in prison.

---

keys while incarcerated.

[4] Additionally, the Magistrate Judge concludes that Defendant Nurse DeLeon, who is an employee of the Public Health Service, is immune from constitutional tort lawsuits by virtue of her employment with PHS.  Any action against her must be brought under the Federal Tort Claims Act.

As noted above, Plaintiff objects to the recommendations of the Magistrate Judge.  While conceding the fact that he is, in his own description, a "bad guy,"" Plaintiff describes the double-cuffing procedure as "torture," and argues that the medical treatment he received was insufficient to remedy the "torture" he suffered from the too-tight handcuffs.  He further argues that the stabbing incident (wherein as noted he stabbed a fellow inmate over 70 times in a recreation cage) should have nothing to do with the policy of double-cuffing him, because the stabbing occurred while he was uncuffed in a recreation cage.

Our review of the Magistrate Judge's thorough and cogent report, even in consideration of the Plaintiff's objections, leads us to the inescapable determination that the recommendations are entirely correct.  Despite his efforts to minimize the security and violence threat posed by him, it is beyond dispute that Plaintiff is an extremely dangerous and violent inmate, and prison officials' decision to subject him to double-cuffing cannot be said to be anything but objectively reasonable under the circumstances.  Furthermore, the abrasions and contusions suffered by Plaintiff on his wrists have been routinely and conscientiously treated by prison's medical staff, and it is well-established that a plaintiff's mere disagreement with his treatment course does not an Eighth Amendment deliberate indifference claim make.  *See Inmates of Allegheny County Jail v. Pierce*, 612 F. 2d 754, 762 (3d Cir.

1979)(quoting *Bowring v. Godwin*, 551 F. 2d 4th Cir. 1977)).  Thus, because we find the Magistrate Judge's conclusions to be well-reasoned and entirely logical, we shall place our reliance and imprimatur on the same, as we may do within our discretion. *See Raddatz*, 447 U.S. at 674-75.

Accordingly, for the foregoing reasons, we shall adopt the Magistrate Judge's R&R in its entirety and grant the Defendants' Motion to Dismiss, or in the alternative for Summary Judgment. An appropriate Order shall issue.